UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2010 DEC -2 AM 9:48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

DEBBIE SUTTON

    Plaintiff,

v.

MERCHANTS ASSOCIATION COLLECTION DIVISION INC.,
Florida Profit Corporation
    Defendant.
_____/

CASE NO.:

3:10-cv-1098-J-32MCR

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, **DEBBIE SUTTON**, by and through undersigned counsel, and files this Complaint against the Defendant, **MERCHANTS ASSOCIATION COLLECTION DIVISION INC.**, and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, **MERCHANTS ASSOCIATION COLLECTION DIVISION INC.** (hereinafter "Defendant") is a collection agency operating from an address of 134 South Tampa Street, Tampa, FL 33602, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.

7. On January 1, 2010, the Plaintiff filed for Bankruptcy, Case number 3:09-BK-10973, and undersigned counsel was listed as the attorney of record. The Defendant was listed as a creditor in the Bankruptcy proceeding. On June 17, 2010, the Plaintiff was granted a discharge.

8. Included but not limited to, on June 22, 2010, the Defendant sent the Plaintiff a letter in an attempt to collect a debt (Exhibit "A").

9. Defendant continued to collect on this invalid debt and Defendant reported to all three (3) credit bureaus despite being on actual notice that the debt was not valid.

### *Summary*

10. All of the above-described collection activities to collect on a debt that was not valid and communications to the Plaintiff when she was represented by undersigned counsel, that were made by Defendant and their employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(2), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others, the FCCPA, including but not limited to Section 559.72(5), (6), and (9), and/or the FDUTPA.

11. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

12. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

13. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

14. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

15. Plaintiff incorporates by reference 1-13 of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### Section 559.55 et seq., Fla. Stat.

18. Plaintiff incorporates by reference 1 – 13 of the paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Section 559.72(9), with respect to Plaintiff.

20. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

21. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501. et seq., Fla. Stat.

22. Plaintiff incorporates by reference 1 - 13 of the paragraphs of this Complaint as though fully stated herein.

23. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendant in the attempted co collection of debt.

24. At all times relevant to this Complaint, Defendant was engaged in the business of debt collection.

25. The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

26. In engaging in the conduct more specifically described in the Factual Allegations above, Defendant committed deceptive and unfair trade practices in connection with attempting collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

### COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

## COUNT III

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501.201 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

_____
Max Story, Esquire
Florida Bar No. 0527238
233 East Bay Street, Suite 920
Jacksonville, Florida 32202-3456
Telephone: (904) 355-0805
Fax: (904) 634-1507
max@collinsstorylaw.com
Attorney for Plaintiff

DEPT 363    3923328010068
PO BOX 4115
CONCORD CA  94524

RETURN SERVICE REQUESTED



**Merchants Association**
**Collection Division, Inc.**

June 22, 2010

MID #: 8654216
OWED TO:
**MEDICAL IMAGING CENTER**
ACCOUNT #: 670444
**AMOUNT DUE: $503.83**

DEBBIE SUTTON
575 W NATIONAL ST
HERNANDO FL 34442-4866

Multiple accounts may comprise the amount due.
Please see the back of this letter for more detail.

## YOUR ACCOUNT HAS BEEN REPORTED TO ALL THREE CREDIT BUREAUS

You have paid no attention to our repeated attempts for payment on this account. You have continuously failed to respond to our attempts to resolve this debt.

We have notified the credit bureaus that this account should be listed on your national credit file as an **unpaid collection account.**

Credit privileges are often refused to individuals who have unpaid collection accounts listed on their credit file.

There are two options to consider:

1. Pay this account in full within 15 days from the date of this letter.  To make a payment online, please visit us at www.mafcollection.com.

2. Contact this office and speak to an account representative at **1-800-749-7710** to arrange an agreeable solution.

This is a serious matter which needs to be resolved.

A convenience fee of **$5.00** will be added to debit/credit card transactions where allowed by law. To avoid the convenience fee for these types of transactions, you may pay by phone or online with an electronic check or mail a standard check or money order directly to:

MACD
PO Box 2842
Tampa, FL 33601-2842

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

✂ Enclose This Stub With Your Remittance ✂

Payments received by check will be electronically deposited, unless you pay by non-consumer type check. You may opt out of this program by paying with a money order or a traveler's check. In the unlikely event your check (payment) is returned unpaid, we may elect to electronically (or by paper draft) re-present your check (payment) up to two (2) more times. You also understand and agree that we may collect a return processing charge by the same means, in an amount not to exceed that as permitted by state law.

MID #: 8654216
OWED TO: **MEDICAL IMAGING CENTER**
ACCOUNT #: 670444
**AMOUNT DUE: $503.83**

☐ [VISA]  ☐ [MC]  ☐ [DISC]

Card #:_____ Exp. Date:_____

Signature:_____

Amount Authorized:_____

DEBBIE SUTTON
575 W NATIONAL ST
HERNANDO FL 34442-4866

**MACD**
PO Box 2842
Tampa, FL 33601-2842

01/07/10

MAB129-0621K302341-TJH9-3-2341



EXHIBIT "A"